PER CURIAM.
This cause is before us upon a petition of The Florida Bar requesting that we enjoin Corpa Immigration Services (Corpa) from engaging in the unauthorized practice of law. We have jurisdiction. Art. V, § 15, Fla. Const.
In August of 1988, Corpa and The Florida Bar entered into a stipulation agreeing to a permanent writ of injunction that precluded Corpa from engaging in the unauthorized practice of law. We approved the stipulation by order of this Court. In December 1993, however, The Florida Bar filed a second *549 complaint against Corpa again alleging the organization had engaged in the unauthorized practice of law. We appointed a referee to consider this matter and to submit a report to this Court.
We approve the stipulation entered by the parties and recommended by the referee, which states as follows:
WHEREAS, the parties hereto, by and through their undersigned counsel, stipulate and agree to submit to the jurisdiction of the Supreme Court of Florida and stipulate and agree as follows:
1. While the Respondent neither admits or denies the material allegations of the Petition, in recognition that the preparation of forms to effect a change in immigration status requires legal training and familiarity with immigration laws and that failure to properly prepare the forms could result in great harm, including deportation, Respondent agrees as follows:
A. Both parties agree that a Writ of Injunction shall issue permanently and perpetually enjoining Respondent, CORPA IMMIGRATION SERVICES, and its officers, agents, servants and employees or those acting in concert with it from:
(1) Advising persons of their rights, duties and responsibilities under Florida law, or federal law, as those laws relate to immigration and naturalization matters, including advising customers as to various immigration benefits or statuses and the INS forms and procedures which are required to obtain these benefits and statuses, except to any limited degree permitted under the Code of Federal Regulations.
(2) Advising customers as to any legal remedy which might be available to them.
(3) Representing to the public, either personally or by use of advertisement, that persons employed by the company are capable of advising and handling matters requiring legal skills.
(4) Allowing members of the public to rely on Respondent to properly prepare legal forms or legal documents affecting a customer’s legal rights.
(5) Advertising in any misleading fashion which leads a reasonable lay person to believe that Respondent offers to the public legal services, legal advice, or personal legal assistance regarding immigration and naturalization matters.
(6)Making inquiries or answering questions from customers as to which particular INS form is suited to the customer’s needs, how to fill out the form, or what supporting documentation should accompany the form. This provision shall not be construed to prevent Respondent from making available to customers a preprinted list of INS forms which are available at the business, nor prevent Respondent from offering pure translation services to translate all portions of INS forms, including printed instructions and listing of documents to be attached, from English to another language.
B. Additionally, Respondent, and its officers, agents, servants, and employees agree to take the following affirmative steps:
(1) In the event Respondent is contacted by any party seeking legal services, Respondent shall refuse to perform such legal services.
(2) In any advertising used by Respondent for its immigration services, including advertising which lists various types of immigration applications and petitions which may be made to the INS, Respondent shall include in such advertising a statement indicating that any “Immigration” services which may be provided are not legal services and are limited to the sale of blank forms and the service of typing the forms from information the customer provides in writing.
(3) Respondent agrees to post in its office, visible from the area in which customers are served, in a size with lettering no smaller than one inch in height, a sign, in English and Spanish, reading as follows: WE ARE NOT ATTORNEYS. CORPA CAN SELL BLANK FORMS AND TYPE IN THE INFORMATION WHICH YOU PROVIDE IN WRITING. CORPA CANNOT TELL YOU WHAT IMMIGRATION FORM YOU NEED, NOR GIVE YOU ANY ORAL ADVICE ON HOW TO PROPERLY FILL OUT AN IMMIGRA *550 TION FORM. IF YOU HAVE QUESTIONS ABOUT THE TYPE OF FORM YOU NEED, OR OTHER QUESTIONS ABOUT AN APPLICATION TO THE INS, YOU SHOULD SEEK THE ADVICE OF A LICENSED ATTORNEY.
(4) Respondent agrees that a copy of this Stipulation mil be posted in their offices, in view of the area in which customers are served.
(5) Respondent agrees that this Stipulation will be published in the Southern 2d Reporter, and will be published in the El Clarín newspaper of Miami, Florida, at Corpa’s expense.
(6) Respondent agrees that every employee of the Respondent will be provided a copy of this Stipulation, and instructed to act in accordance with the Stipulation.
2. The foregoing, however, shall not be construed to prevent the Respondent from engaging in the typing of forms and exhibits promulgated or required by the Immigration and Naturalization Service, in accordance with instructions provided with the forms, within the guidelines of The Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla.1978) and to any degree permitted by 8 CFR § 292; 8 CFR § l.l(i) and (k).
Respondent is, therefore, permanently enjoined from engaging in the practice of law in accordance with the terms of the foregoing stipulation.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.